UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CANDICE RITENOUR, individually and on behalf of other members of the general public similarly situated, and CHERYL WEISER, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES LLC and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: SACV 16-02011-CJC(DFMx)<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS |


## I. INTRODUCTION

On September 30, 2016, Plaintiffs Candice Ritenour and Cheryl Weiser filed this putative class action in California Superior Court, County of Orange, against Defendant Carrington Mortgage Services LLC and Does 1 through 100, inclusive. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Plaintiffs assert ten causes of action: (1) Failure to Pay Overtime Wages; (2) Failure to Provide Meal Periods; (3) Failure to Provide Rest Periods; (4) Failure to Pay Minimum Wages; (5) Failure to Pay Final Wages Timely; (6) Failure to Pay Wages Timely During Employment; (7) Failure to Provide Accurate Written Wage Statements; (8) Failure to Keep Accurate Payroll Records; (9) Failure to Reimburse Business Expenses; and (10) Unfair Competition. (*See id.*) On November 4, 2016, Defendant removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711–15. (Dkt. 1.)

Before the Court is Plaintiffs' motion to remand, (Dkt. 14), and Defendant's motion to dismiss the Complaint or, in the alternative, to strike the class action allegations, (Dkt. 10). For the following reasons, Plaintiffs' motion to remand is DENIED and Defendant's motion to dismiss is GRANTED.[1]

## II. MOTION TO REMAND

A civil action brought in a state court but over which a federal court may exercise original jurisdiction may be removed to a federal district court by the defendant. 28 U.S.C. § 1441(a). CAFA provides original federal jurisdiction over class actions in which the amount in controversy exceeds $5 million, there is minimal diversity between

---

[1] Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 9, 2017, at 1:30 p.m. is hereby vacated and off calendar.

the parties, and the number of proposed class members is at least 100.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).  "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court. . . [and] intended CAFA to be interpreted expansively."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  The Supreme Court has also recently held that "no antiremoval presumption attends cases invoking CAFA" because CAFA was enacted to facilitate federal courts' adjudication of certain class actions.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014).

Under CAFA, a defendant removing a case must file a notice of removal containing a "short and plain statement of the grounds for removal."  *Id.* at 553.  Additionally, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless a defendant's assertion is contested by the plaintiff.  *Id.* at 554.  Where a defendant's asserted amount in controversy is contested, "[e]vidence establishing the amount is required."  *Id.*  "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* at 550.  Ultimately, the defendant bears the burden of proving that the amount in controversy is met.  *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).

Plaintiffs contend that this case must be remanded because Defendants have not met their burden of establishing the amount-in-controversy under CAFA.[2]  (*See generally* Dkt. 14.)  They argue that the Notice of Removal "is based exclusively on the sort of conjecture disapproved of by the Ninth Circuit."  (*Id.* at 1.)  The Court disagrees.  In the Notice of Removal, Defendant explains that "just three of Plaintiffs' ten causes of action establish that the amount in controversy exceeds $6 million prior to any calculation of

---

[2] Plaintiffs do not dispute that the other two CAFA requirements concerning minimal diversity and proposed class size have been met.  (*See generally* Dkt. 14.)

-3-

damages sought for the other causes of action, the costs of the requested injunctive relief, or attorneys' fees." (Dkt. 1 at 5–6.) Defendant provides detailed calculations in support based primarily on the declaration of Ginger Crawford, Defendant's Senior Vice President of Human Resources. (Dkt. 5 ["Crawford Decl."].) Defendant uses the applicable statutes of limitations to ascertain the number of putative class members for each relevant claim, (*see generally* Dkt. 1), since the proposed class is broadly defined as "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment," and "Subclass A" is similarly defined as "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment who earned commissions/non-discretionary bonuses/non-discretionary performance pay which was not used to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages," (Compl. ¶ 14).

Defendant explains that as to Plaintiffs' fifth cause of action for Failure to Pay Final Wages Timely, Plaintiffs seek "30 days of waiting time penalties at the daily rate of pay of each member of the putative class who has been terminated." (*Id.* (citing Compl. ¶¶ 86–91).) "Penalty amount[s] are 'calculated by multiplying the number of former employees in the proposed class by thirty days' wages,' while, in turn, 'thirty days' wages can be calculated by multiplying the average number of hours worked by the average rate of pay." (*Id.* at 6 (quoting *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 985–86 (S.D. Cal. 2005).) Defendant uses an average hourly rate of $19.41, which totals $155.25 in pay per day. (*Id.*; Crawford Decl. ¶ 7.) Thus, for the 30 day penalty period, each employee would be entitled to at least $4,657.50. (Dkt. 1 at 6–7.) Defendant has identified at least 611 non-exempt employees who worked in California during the alleged class period and are no longer employed by Defendant, and who

therefore would be entitled to at least $4,657.50 per day if Plaintiffs' allegations were meritorious. (*Id.*) As a result, Plaintiffs' fifth cause of action puts at least $2,845,732.50 in controversy. (*Id.*)

Similarly, in their seventh cause of action Plaintiffs seek penalties for alleged failure to provide accurate wage statements. (*Id.* at 7 (citing Compl. ¶¶ 98–104).) For this cause of action, Defendant contends that a violation provides for a penalty of $50 for the initial pay period in which the violation occurred and $100 per employee for each violation in a subsequent pay period. (*Id.* (citing Cal. Lab. Code § 226(e)(1)).) Defendant has identified 358 employees who were employed by Defendant for the entire year prior to the filing of this suit. (*Id.*; Crawford Decl. ¶ 8.) These employees received 26 wage statements for the year. (Dkt. 1 at 7.) Thus, this claim puts at issue $2550 per employee, for a total of $912,900. (*Id.*)

Plaintiffs' fourth cause of action alleges that Defendant "failed to pay Plaintiffs and the other class members at least minimum wages for all hours worked." (*Id.* at 8 (citing Compl. ¶ 43).) Irrespective of the amount allegedly owed in wages, Plaintiffs seek penalties of $100 for each failure to timely pay employees minimum wages and $250 for each subsequent failure. (*Id.* at 8 (citing Compl. ¶ 84).) Again, Defendant identifies a minimum of 358 employees who would be entitled to relief for 26 pay periods under Plaintiffs' allegations. (*Id.*) Each employee would be entitled to $6,350, putting a total of $2,273,300 at issue.[3] (*Id.*) Based on these causes of action, the Court concludes that Defendant has met its burden of establishing that the amount-in-controversy exceeds $5 million.

---

[3] Defendant makes additional calculations concerning the rest of the causes of action in the Complaint. (Dkt. 1 at 8–10.) Court need not consider such calculations because Defendant has already satisfied its burden of demonstrating that this suit puts at least $5 million at issue.

Plaintiffs argue that the Notice of Removal is based exclusively on "conjecture" and is not based on actual allegations from the Complaint. (Dkt. 14 at 1.) This is wholly unpersuasive. As explained in further detail in the next section, the Complaint is so lacking in factual allegations that Defendant was justified in employing reasonable estimates based on the number of employees, average rates of pay, and average pay periods. Defendant is not "required to comb through its records to identify and calculate the exact frequency of violations," *Lopez v. Aerotek*, Inc., No. SACV 14-00803-CJC, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015), particularly when the Complaint provides little, if any, help in identifying the alleged violations. Defendant's estimates are also appropriate given that Plaintiffs allege in the broadest and vaguest terms that Defendant engaged in a *uniform* policy or practice of abuse with respect to *all current and former* hourly-paid or non-exempt employees. (*See* Compl. ¶¶ 14, 17, 27.)

Additionally, Plaintiffs' attempts to narrow the scope of the allegations in their motion are inconsistent with the broad language of the Complaint. For example, with regard to the seventh cause of action, Plaintiffs argue that Defendant's wage statement penalty calculations improperly assume a 100% violation rate, and that "[w]hile it could be appropriate to assume maximum penalties if there was evidence that every single wage statement was deficient in some manner (e.g., lacking a category of information such as an employee's social security number or employee identification number), there is no such evidence here at this time." (Dkt. 14 at 10.) The Complaint, however, simply states "Defendants have intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements. The deficiencies include, *but are not limited to*: the failure to include the total number of hours worked by Plaintiffs and the other class members." (Compl. ¶ 100 (emphasis added).) Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate—especially since Plaintiffs offer no

alternative rate to challenge Defendant's calculations.[4]  *See Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) ("As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.  Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.").  Defendant made reasonable inferences based on the allegations in the Complaint to conclude that the amount-in-controversy requirement is met in this case.

Plaintiffs also argue that Defendant has failed to provide enough evidence to support removal.  (*See* Dkt. 14 at 4–5; Dkt. 23 at 4–6.)  The Supreme Court has clarified that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's *allegation*."  *Dart Cherokee*, 135 S. Ct. at 554 (2014) (emphasis added); *see also Roa v. TS Staffing Servs., Inc.*, No. 2:14-

---

[4] Plaintiffs cite *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007) and *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013), which did not permit the defendants to assume 100% violation rate when estimating the amount-in-controversy.  (*See* Dkt. 14 at 11–13.)  These cases are unhelpful here.  *Lowdermilk* was overruled for applying the wrong standard of "legal certainty."  *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013).  *Garibay* is an unpublished decision and its reasoning has been called into question in light of published Ninth Circuit precedent in *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395 (9th Cir. 2010).  *See id.* at 400 ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.  To establish the jurisdictional amount, Verizon need not concede liability for the entire amount, which is what the district court was in essence demanding by effectively asking Verizon to admit that at least $5 million of the billings were 'unauthorized' within the meaning of the complaint."); *see also Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) ("The only Ninth Circuit case that arguably stands for the proposition that there is a bright-line rule forbidding a removing defendant from assuming a 100% violation rate is *Garibay* . . . .  As it is unpublished, Garibay has no precedential weight . . . .  Moreover, to the extent that *Garibay* demands that removing defendants submit evidence of their liability—i.e., evidence of a violation rate—to establish jurisdiction, it is inconsistent with *Lewis*."); *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032 n.4 (N.D. Cal. 2014) ("[T]his Court acknowledges that it cannot fully reconcile the *Lewis* approach with the approach apparently taken by the Ninth Circuit in *Garibay* . . . .  Faced with this potential conflict, this Court accepts the Ninth Circuit's published opinion as the superior authority.").

CV-08424-ODW, 2015 WL 300413 at *2 (C.D. Cal. Jan. 22, 2015) ("Here, TS Staffing specifically alleged that each element of CAFA is satisfied. The Court must accept these allegations as true unless contested by the plaintiff or questioned by the court. Roa, however, does not contest the allegations themselves, but instead contests TS Staffing's evidence in support of the allegations. If TS Staffing was not required to submit evidence in support of its allegations, as *Dart Cherokee* teaches, then Roa's attack on the evidence is fallacious. In light of the no antiremoval presumption from *Dart Cherokee*, the Court has no reason to *sua sponte* question TS Staffing's allegations. Furthermore, Roa submitted no independent evidence for the Court to consider.") (internal citations and quotations omitted). Here, Plaintiffs do not sufficiently contest Defendant's allegation because they never contend that they are putting an amount lower than $5 million at issue and do not offer any conflicting evidence that calls Defendant's estimates into question—they simply question the strength of Defendant's supporting declaration.[5] (*See id.* at 4 ("Ms. Crawford does not explain who is responsible for inputting information for Defendant's employees into UltiPro, or why she believes that information to be accurate. . . . Ms. Crawford fails to explain how she (or the software program) calculated this 'average hourly rate.' For example, Ms. Crawford does not explain whether this is a simple or weighted average, which can greatly affect the pay rate at issue."); *id.* at 5 ("The evidence that Defendant could provide, but chose not to, is the kind of information available to Defendant through payroll records which Defendant is statutorily required to maintain. Nevertheless, Defendant provided none of this information, which leaves

---

[5] In their Reply, Plaintiffs argue that they should not be required to assert that they seek less than $5 million due to the reasoning of *Standard Fire Insurance Co. v. Knowles*, 133 S. Ct. 1345 (2013). (Dkt. 23 at 7.) Plaintiffs misread *Standard Fire Insurance*, which simply explained that a pre-certification *stipulation* that plaintiffs would not seek more than $5 million in recovery could not overcome the district court's conclusion that CAFA's amount-in-controversy requirement had been met, because the named plaintiff did not have the authority to bind the rest of the class and limit recovery in such a manner at the pre-certification stage. *See Standard Fire Insurance*, 133 S. Ct. at 1348–51. Here, by contrast, Plaintiffs did not stipulate or otherwise make a binding agreement that they seek less than $5 million, nor are they being asked to do so. They only need to challenge Defendant's assertion that the Complaint puts more than $5 million at issue.

Plaintiffs and the Court to take Ms. Crawford and Defendant's word and presume that all data created, relied upon, and vaguely referred to is complete and accurate.").)

Even assuming that Defendant's evidentiary burden has been triggered under *Dart Cherokee*, Defendant need only offer evidence establishing that the amount-in-controversy is met by a preponderance of the evidence. *Dart Cherokee*, 135 S. Ct. at 550. This "burden is not 'daunting,' as courts recognize that under this standard a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008). This is consistent with Congress's intent that CAFA be interpreted expansively. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Defendant's detailed, reasonable calculations, supported by the Crawford declaration, are sufficient to meet this burden, especially since Plaintiffs offer no alternative amount-in-controversy or rebuttal evidence.[6] Accordingly, the Court DENIES Plaintiffs' motion to remand the case.[7]

## III. MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the Complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the

---

[6] Plaintiffs' motion merely attaches an exemplar wage statement for each Plaintiff, which is insufficient to rebut Defendant's evidence and estimates concerning the entire class. (*See* Dkt. 14-1 Exs. C, D.)

[7] Plaintiffs' request for judicial notice regarding two similar complaints filed by their attorney in two separate and unrelated employment cases, (Dkt. 23-1), is DENIED on the grounds that those other cases are neither relevant nor binding on the Court in deciding whether to remand this case.

pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotation omitted)).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  In keeping with this liberal pleading standard, the court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations.  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Defendant's primary argument is that the Complaint fails to meet the minimum pleading requirements for each claim because it is almost entirely devoid of factual allegations. (Mot. at 9–17.)  The only specific factual allegations in the Complaint are: (1) Defendant employed Ritenour "as an hourly-paid, non-exempt employee, from approximately September 2012 to approximately March 2015, in the State of California, County of Orange," and (2) Defendant employed Weiser "as an hourly-paid, non-exempt employee, from approximately December 2012 to approximately March 2014, in the State of California, County of Orange."  (Compl. ¶¶ 19–20.)  The remaining allegations consist of boilerplate recitations of the law and conclusory allegations.  (*See generally id.*)  Each of the causes of action here apply the same pattern of "(1) stating [Defendant's] obligations under California law as an employer; (2) averring simply that [Defendant]

violated the law by failing to comply with its obligations; and (3) claiming damages and an entitlement to penalties and other relief." *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKX), 2016 WL 756523, at *2 (C.D. Cal. Feb. 25, 2016).

As an example, Plaintiffs' first cause of action is for unpaid overtime in violation of California Labor Code §§ 510 and 1198. (Compl. ¶¶ 51–59.) The Complaint simply summarizes the law and then states "During the relevant time period, Plaintiffs and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiffs and the other class members. Defendants' failure to pay Plaintiffs and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful. Pursuant to California Labor Code section 1194, Plaintiffs and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees." (*Id.* ¶¶ 56–59.) Nowhere in the Complaint do Plaintiffs provide any specific facts to support these conclusory allegations.

Plaintiffs argue that "skeletal" wage-and-hour pleadings with minimal facts are sufficient to survive a Rule 12(b)(6) motion. (Dkt. 13 [Opposition] at 8–10.) However, in the context of wage claims, the Ninth Circuit has held that "[a]lthough . . . detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim, we do not agree that conclusory allegations that merely recite the statutory language are adequate." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert. denied*, 135 S. Ct. 1845 (2015). That would "run[] afoul of the Supreme Court's pronouncement in *Iqbal* that a Plaintiff's pleading burden cannot be discharged by '[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009)). Instead, a plaintiff "may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645. But at the very least, plaintiffs "should be able to allege facts demonstrating that there was *at least one workweek* in which they worked in excess of forty hours and were not paid overtime wages." *Id.* at 646 (emphasis added). Here, the Complaint is devoid of any allegations that could establish plausibility. It also lacks any factual basis for the contention that other employees have similar claims. Under *Landers*, Plaintiff fails to state a claim for unpaid overtime.

Plaintiffs' other nine claims suffer from the same lack of factual basis needed to establish plausibility. With regard to the second and third causes of action for failure to provide meal and rest periods, nowhere in the Complaint does Plaintiff identify, much less describe, a single instance where Defendant failed to provide such meal and rest periods. (*See* Compl. ¶¶ 60–79.) With regard to the fourth cause of action for failure to pay minimum wages, Plaintiffs do not describe what their pay actually was, let alone describe an instance where their pay fell below the applicable standard. (*See id.* ¶¶ 80–85.) The fifth and sixth causes of action for failure to pay wages timely upon discharge and during employment contain no description of what wages were due, when they were due, and when, if at all, they were paid. (*See id.* ¶¶ 86–97.) The seventh and eighth causes of action for failure to provide accurate wage statements and to keep accurate payroll records similarly fail to describe a single instance of such violations. (*See id.* ¶¶ 98–109.) The ninth cause of action for failure to reimburse business expenses, which would simply require an explanation of *what* business expenses were incurred and *when*, is also not supported by a single fact. (*See id.* ¶¶ 110–113.) Finally, the tenth cause of action for unfair competition is simply based on the aforementioned nine claims and is therefore similarly unsupported. (*See id.* ¶¶ 114–120.)

1    Simply put, the Complaint does not provide fair notice of the claims. The Court GRANTS Defendant's motion to dismiss.[8] Plaintiffs shall have FOURTEEN DAYS' LEAVE TO AMEND the Complaint. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005) (Leave to amend is only denied when "it is clear that the complaint could not be saved by amendment.").

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand, (Dkt. 14), is DENIED. Defendant's motion to dismiss the Complaint, (Dkt. 10), is GRANTED with FOURTEEN DAYS' LEAVE TO AMEND.

DATED:    January 5, 2017

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[8] The Court does not consider Defendant's request for judicial notice, (Dkt. 15), as it is unnecessary to resolve the motion to dismiss.